# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

**Case No. 10-15616**

CAROLYN JEWEL, ET AL.,

PLAINTIFFS-APPELLANTS,

V.

BARACK OBAMA, ET AL.

DEFENDANTS-APPELLEES.

---

**Case No. 10-15638**

VIRGINIA SHUBERT, ET AL.,

PLAINTIFFS-APPELLANTS,

V.

BARACK OBAMA, ET AL.

DEFENDANTS-APPELLEES.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
THE HONORABLE VAUGHN R. WALKER, CHIEF DISTRICT JUDGE
NO. C 08-CV-4373-VRW (JEWEL)
MDL NO. 06-1791-VRW (SHUBERT)

---

**APPELLANTS' JOINT MOTION TO STRIKE THE
GOVERNMENT'S *EX PARTE, IN CAMERA* CLASSIFIED
BRIEF**

---

1

Plaintiffs and appellants Carolyn Jewel, *et al.* and Virginia Shubert, *et al.* ("Plaintiffs") hereby move to strike the *ex parte*, *in camera*, classified brief of the United States Government, which the Government filed with the Court without first seeking leave. The filing of an *ex parte*, *in camera* brief is improper, especially in light of the fact that the Government has submitted the classified official certifications of Director of National Intelligence Blair, National Security Agency Director Alexander and National Security Agency Chief of Staff Bonnani asserting the state secrets privilege to this Court in the Government's "Classified Excerpts of Record." Those official certifications alone are all that is necessary, or proper, to invoke the state secrets privilege. There is no legitimate reason for the Government to try to bolster its assertion of the state secrets privilege with the aid of a secret brief that it has privately provided to the Court. That secret brief was not part of the record below, and the Government has not attempted to demonstrate that there exists any good cause that could justify the extraordinary infringement of due process occasioned by its submission of private, secret legal argument.

## I. Procedural Background.

In their action below, plaintiffs and appellants Carolyn Jewel, Tash Hepting, Gregory Hicks, Erik Knutzen and Joice Walton alleged that they are current or former subscribers to AT&T's Internet or long-distance telephone service. Plaintiffs filed this action because Defendants—the United States, the National

2

Security Agency, the Department of Justice and various executive branch officials—have been intercepting Plaintiffs' private Internet and telephone communications over AT&T's network and obtaining records of their communications over AT&T's network as part of a program of mass surveillance that violates multiple federal statutes and the Constitution. The district court dismissed Plaintiffs' complaint on the ground that they lacked standing to pursue their claims. While the Government had sought to dismiss Plaintiffs' complaint on state secrets privilege grounds, the district court declined to reach the issue, favoring its own standing arguments (which it raised *sua sponte* ) as the sole basis for dismissing the complaint. On appeal, the Government has asserted in its answering brief that the dismissal should be affirmed on the alternative ground of the state secrets privilege. [1]

Plaintiffs presume that the Government in its *in camera* and *ex parte* "Classified Excerpts Of Record For The Government Appellees" has provided to this Court the unredacted official state secrets certifications by Director of National Intelligence Blair, National Security Agency Director Alexander and National Security Agency Chief of Staff Bonnani that it filed with the district court.

---

[1]    The other set of plaintiffs and appellants, Virginia Shubert, Noha Arafa, Sarah Dranoff and Hillary Botein, are similarly situated procedurally albeit with slightly different allegations.

(Should the Classified Excerpts of Record contain other materials, such as *ex parte*, *in camera* briefing to the district court or materials never submitted to the district court, Plaintiffs object and move to strike those materials as well.)  This motion is not directed to the Government's ability to invoke the states secrets privilege with an *in camera*, *ex parte* state secrets certification made by a relevant executive branch official.  This motion is directed instead to the Government's desire to bolster its assertion of the state secrets privilege with the aid of a private, secret, legal brief to the Court.

## II.    There Is No Authority for Filing An *Ex Parte, In Camera* Legal Brief Without First Seeking Leave of Court.

The Government violated Federal Rules of Appellate Procedure 25(b) and 31 when it filed its *ex parte*, *in camera* brief without either serving it on Plaintiffs or having obtained leave of the Court to allow the filing without service.  The Federal Rules of Appellate Procedure require that a party serve on the other parties any paper that it submits to the Court.  Fed. R. App. Pro. 25(b) ("(b) Service of All Papers Required.  . . . [A] party must, at or before the time of filing a paper, serve a copy on the other parties to the appeal or review.")  This requirement applies fully to briefs.  *Id.*; Fed. R. App. Pro. 31.  At the very least, the Government was required to make a motion pursuant to Federal Rule of Appellate Procedure 27 seeking leave to file a secret *ex parte*, *in camera* brief *before* it filed any such legal

brief.  Under such a motion, the Government would have had the burden of demonstrating legal authority and good cause in support of the filing.  Instead, the Government nonchalantly filed its secret *ex parte*, *in camera* brief as if it were a matter of right, thereby foreclosing Plaintiffs from having an opportunity to oppose the motion.  Plaintiffs would have opposed the motion and now move to strike after the fact, having been prevented from objecting prior to the filing.

While there is authority allowing the filing of an official certification in support of a claim of state secrets privilege an *ex parte, in camera* basis, Plaintiffs are aware of no statute, rule, or other authority permitting the Government to file legal argument to which Plaintiffs do not have access and to which Plaintiffs cannot reasonably respond.  Nor is there good cause that supports the filing of a secret, *ex parte, in camera* brief here.  There is, on the contrary, good cause to reject the filing: the filing of the Government's secret, *ex parte*, *in camera* brief is contrary to the state secrets privilege doctrine and to fundamental notions of due process, as explained below.

**III.    The Submission of an *Ex Parte*, *In Camera* Brief is Inconsistent with the Principles Enunciated in this Court's *En Banc* Decision of *Mohamed v. Jeppesen Dataplan, Inc.*.**

The Government's private, secret legal brief is inconsistent with the principles enunciated in *Mohamed v. Jeppesen Dataplan, Inc.,* 614 F.3d 1070 (9th

Cir. 2010) (*en banc*) and raises the danger of creating a set of secret precedents which are known only to the Government and to this Court. A private, secret brief also violates Plaintiffs' rights to due process because it forecloses Plaintiffs from their right to reply to the Government's legal arguments.

In *Mohamed*, this Court reaffirmed that the Government's assertion of the state secrets privilege can only be sustained under circumstances which are "exceptional" and "rare." Those circumstances must be exceptional and rare because the privilege, when properly invoked, can overcome "fundamental principles of our liberty, including justice, transparency [and] accountability." 614 F.3d at 1073.

If the Government may invoke the privilege only in the most exceptional of circumstances, then the exceptional quality of the circumstances must be self-evident from the official's certification formally invoking the privilege. In the seminal state secrets privilege case, *U.S. v. Reynolds*, 345 U.S. 1, 9 (1953), the Supreme Court emphasized that courts should determine whether the privilege has been properly asserted by looking to "all the evidence and circumstances" set forth in the official's formal claim of privilege itself. *See also id.* at 8 ("The court itself must determine whether the circumstances are appropriate for the claim of privilege . . . ."). There is no mention in *Reynolds* of permitting classified briefing that secretly argues the merits of that claim of privilege; indeed the thrust of the

*Reynolds* formulation is that the certification alone should be the basis for the Court's decision. This notion was echoed in *Mohamed*, wherein this Court confirmed that it is the "certification [that] is fundamental to the government's claim of privilege." *Mohamed*, 614 F.3d at 1080.

Relying on *Reynolds*, the *Mohamed* Court set a very high bar for the official's certification: "[T]he decision to invoke the privilege must 'be a serious, considered judgment, not simply an administrative formality.' . . . The formal claim must reflect the certifying official's personal judgment; responsibility for this task may not be delegated to lesser-ranked officials. The claim also must be presented in sufficient detail for the court to make an *independent determination* of the validity of the claim of privilege and the scope of the evidence subject to the privilege." 614 F.3d at 1080 (emphasis added).[2]

The prospect of secret, *ex parte* legal briefing is not only not encompassed by the *Mohamed* formulation, but the Government's submission of such one-sided legal argument undermines the perception, if not the fact, of the judicial

---

[2]     In *Mohamed*, the assertion of the privilege was self-evident from the official certification invoking the privilege. In holding that the official certification in that case met those criteria, the *Mohamed* Court noted: "[E]very judge who has reviewed the government's formal, classified claim of privilege in this case agrees that in this sense the claim of privilege is proper, although we have different views as to the scope of the privilege and its impact of plaintiffs' case." 614 F.3d at 1086.

independence that is crucial to the Court's assessment of the claim of privilege. The *Mohamed* Court noted that the state secrets doctrine "does not represent a surrender of judicial control over access to the courts." Rather, "to ensure that the state secrets privilege is asserted no more frequently and sweepingly than necessary, it is essential that the courts continue critically to examine instances of its invocation." 614 F.3d at 1082 (citation omitted). Adding: "'We take very seriously our obligation to review the [government's claims] with a very careful, indeed a skeptical, eye, and not to accept at face value the government's claim or justification of privilege.'" 614 F.3d at 1082, *quoting Al-Haramain*, 507 F.3d at 1203.

That crucial independence and skepticism is inconsistent with the notion that the Government may unilaterally and secretly whisper legal arguments in support of its claim of privilege into the Court's ear. The state secrets privilege has had a checkered history of Government overreaching.[3] For example, manifold abuses

---

[3] *U.S. v. Reynolds*, 345 U.S. 1 (1953), the case in which the U.S. Supreme Court established the parameters of the states secrets privilege, is itself an example of Executive overreach. In *Reynolds*, the heirs of civilian consultants killed in the crash of an Air Force bomber filed suit under the Federal Tort Claims Act. The Supreme Court sustained the Government's claim of the state secrets privilege as to an investigative report that the Air Force created shortly after the crash. The Air Force represented that military secrets – specifically the nature of top secret electronic equipment – were reflected in the report: "Certainly there was a reasonable danger that the accident investigation report would contain references to the secret electronic equipment which was the primary concern of the mission."

*(Footnote continued)*

8

came to the fore in *Horn v. Huddle*, 636 F. Supp. 2d 10 (D.D.C. 2009), *vacated as a condition of settlement*, 699 F. Supp. 2d 236, 243 (2010) (at 238: "[T]he only consequence of an order vacating them is the possibility that they may be considered somewhat less persuasive when the vacating order appears with the citation. The reasoning is unaltered, to the extent it is deemed persuasive by anyone."); *cf. United States Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994) (disapproving vacatur as a condition of settlement). In *Horn*, the district court found that the Government had committed fraud on the D.C. Circuit about the covert status of an agent whose identity had been made public years earlier, and the district court then ordered the Director of the CIA to provide a fresh public and classified certification to it. 636 F. Supp. 2d at 13 n.2, 15-16. The Director's new certification was overbroad, failed to provide a written justification as to why information in specific evidentiary documents was properly

---

345 U.S. at 10. Years later, the report was declassified and made public via a Freedom of Information Act request. The report said nothing about secret electronic equipment and a great deal about how the Government's negligence was a significant factor in the crash. Louis Fisher, *The State Secrets Privilege: Relying On* Reynolds, 122 POL. SCI. Q. 385 (2007), *available at* http://www.loc.gov/law/-help/usconlaw/pdf/PSQ_122_3_Fisher.pdf. The unclassified original report can be found at http://www.fas.org/sgp/othergov/reynoldspetapp.pdf. *But see Herring v. United States*, 424 F.3d 384, 389 (3d Cir. 2005) (finding that the claim of privilege in *Reynolds* was not egregious misconduct because it could be given a truthful interpretation insofar as the claim could be construed to extend both to the workings of the aircraft as well as the electronic equipment).

privileged and was significantly in conflict with the public version of his certification. *Id*. at 16-18 & n.9. The Government even took the extreme position that whether the CIA even possessed electronic surveillance equipment – a fact readily available on the Internet and a key fact in the *Horn* case – could neither be admitted nor denied. *Id*. at 17-18 & nn. 8, 9.

If both the perception and the reality of judicial independence and skepticism are to be preserved, then both Plaintiffs and the Government should have an equivalent and public opportunity to advocate their respective positions through legal briefs to the Court. Otherwise, the Court is unfairly permitting the Government to have an extraordinary, private, unrebuttable opportunity to shape the Court's understanding of what may be an overbroad or even misleading classified certification.

Finally, the submission of an *ex parte*, *in camera* legal brief should be rejected because it creates the danger of creating secret precedent and secret law. *Mohamed* is a published decision of this Court and is usable as precedent in arguments before it. Ninth Circuit Rule 32.1. However, only the Government and the Court know the details of the classified certification in that case. Allowing the Government to file a secret brief here would permit it to analogize the secret details of *Mohamed* to the secret details of this case in a way that is foreclosed to Plaintiffs, thus turning what should be a case-by-case process based only on the

10

certifications specific to a particular case into a secret set of legal precedents to which only the Government is privy and which only it may invoke from case to case. "Secret law is an abomination," *Cox v. United States Department of Justice*, 576 F.2d 1302, 1309 (8th Cir. 1978) (quoting K. Davis, *Administrative Law*, p. 137 (1978)), and this Court should not give the Government the opportunity to create and use secret law.

## IV.    The Submission of an *Ex Parte* Brief for *In Camera* Consideration Violates Plaintiffs' Due Process Rights.

The Government's *ex parte* brief for *in camera* consideration should also be stricken because it is antithetical to the due process rights of the Plaintiffs. The assertion of the state secrets privilege via a classified certification means that the Government may make a secret presentation of the foundational facts necessary to establish the privilege. That should suffice. Secret evidence alone severely infringes Plaintiffs' due process rights. *Brock v. Roadway Express, Inc*., 481 U.S. 252, 264 (1987) (meaningful notice requires both "notice of the . . . allegations" and "notice of the substance of the relevant supporting evidence." ); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (due process requires "an explanation of the . . . evidence"). The due process guarantee of an opportunity to be heard becomes entirely meaningless, however, where the Government is permitted to present not just secret evidence but secret argument as

well:  "The right to a hearing embraces not only the right to present evidence but also a reasonable opportunity to know the claims of the opposing party and to meet them.  The right to submit argument implies that opportunity; otherwise the right may be but a barren one."  *Morgan v. United States*, 304 U.S. 1, 18 (1938).

The Government's addition of a secret legal brief to a classified certification serves to allow the Government to put its own legal analysis and gloss on the underlying facts in a way that the Plaintiffs cannot meet or rebut, or even know.  That additional infringement of Plaintiffs' right to due process should not be countenanced.

/ / /

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court

strike the Government's classified, *ex parte*, *in camera* brief.

Respectfully submitted,

Dated:  November 10, 2010

/s/ *Cindy Cohn*
_____

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (SBN 145997)
LEE TIEN (SBN 148216)
KURT OPSAHL (SBN 191303)
KEVIN S. BANKSTON (SBN 217026)
JAMES S. TYRE (SBN 083117)

KEKER & VAN NEST LLP
RACHAEL E. MENY (SBN 178514)
PAULA L. BLIZZARD (SBN 207920)
MICHAEL S. KWUN (SBN 198945)
AUDREY WALTON-HADLOCK (SBN 250574)

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE (SBN 121156)

THE MOORE LAW TEAM
THOMAS E. MOORE III (SBN 115107)

LAW OFFICE OF ARAM ANTARAMIAN
ARAM ANTARAMIAN (SBN 239070)

Attorneys for *Jewel* Appellants

*/s/ Ilann Margalit Maazel*

MATTHEW D. BRINCKERHOFF
ILANN MARGALIT MAAZEL
ADAM R. PULVER
EMERY CELLI BRINCKERHOFF & ABADY LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
Ph: (212) 763-5000
Fax: (212) 763-5001
imaazel@ecbalaw.com

Attorneys for *Shubert* Appellants